UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANETTE JACKSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 15-cv-05869 |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

# COMPLAINT

Plaintiff, Joanette Jackson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transact substantial business here.

## PARTIES

3. Plaintiff, Joanette Jackson, ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One Bank (U.S.A.), N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant PRA specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect from consumers.

7. Defendant PRA regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. According to Defendant, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Capital One Bank, N.A consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

9. Due to her financial circumstances, Plaintiff was unable to pay the alleged debt, and it went into default.

10. PRA purportedly purchased the alleged debt after default.

11. In January of 2014, Defendant PRA, communicated credit information to the Experian consumer reporting agency, including an account number, the original creditor, and a balance. (Exhibit B, Experian Credit Report)

12. PRA reported a balance of $1,094 to the Experian consumer reporting agency.

13. On July 21, 2014, Defendant commenced a lawsuit against Plaintiff, to collect on the alleged debt styled *Portfolio Recovery Associates v. Joanette Jackson*, Case No. 2014-M1-137795, in the Circuit Court of Cook County, First Municipal District ("State Action"). (Exhibit C, Complaint).

14. Attached to the complaint was an affidavit executed by Dianna D. Williams.

15. Dianna D. Williams was an authorized agent of PRA.

16. The affidavit stated information about the debt including the account number, the original creditor, and a balance.

17. The affidavit was thus a communication as that term is defined at § 1692a(2) of the FDCPA.

18. The affidavit asserted a balance due and owing of $1,015.93.

19. On or about April 24, 2015, Plaintiff filed a motion to dismiss the state court action. (Exhibit D, Motion to Dismiss State Action).

20. Plaintiff, in her motion, disputed the validity of indebtedness, arguing that PRA did not own the alleged debt and that Plaintiff did not owe a debt to Defendant.

21. PRA dismissed the State Action against Plaintiff on April 30, 2015. (Cook County Electronic Docket, Case No. 14-m1-137795, available at:

https://w3.courtlink.lexisnexis.com/cookcounty/FindDock.asp?NCase=2014-m1-137795&SearchType=0&Database=1&case_no=&PLtype=1&sname=&CDate=).

22. On or about May 7, 2015, PRA communicated credit information to the Equifax consumer reporting agency, including an account number, the original creditor, and a balance. (Exhibit E, Excerpt of Equifax consumer report).

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. PRA communicated a balance of $1,094 to the Equifax consumer reporting agency.

25. Either the credit information communicated by PRA to the court on July 21, 2014 – that the balance owed on the alleged debt was $1,015.93– was false, or the account balance communicated by PRA to Equifax on May 7, 2015– that the balance owed on the Account was $1,094.00– was false; both amounts cannot be correct.

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **. . . (2) The false representation of—**
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

27. PRA misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692(8), when it communicated a balance which it knew or should have known to be false.

28. PRA failed to communicate that the debt was in dispute when it reported other information to the Equifax consumer reporting agency.

29. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—
(B) the character, amount, or legal status of any debt. . .**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

30. Even though PRA knew or should have known prior to May 7, 2015 that plaintiff disputed owing the alleged debt as Plaintiff had indicated the nature of her dispute in her motion to dismiss PRA's State Action, PRA failed to thereafter communicate the fact of Plaintiff's dispute to the Equifax consumer reporting agency when PRA communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT- PRA

32. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

33. PRA failed to communicate the fact of Plaintiff's dispute to the Equifax consumer reporting agency, in violation of 15 U.S.C. § 1692e(8), when reporting other information regarding the alleged debt.

34. Defendant misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692(8), when it communicated a balance which it knew or should have known to be false.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant PRA as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood_____
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com